## Smallwood et al. v. Smallwood.

March 14, 1941.

A. T. W. Manning for appellants.

A. D. Hall for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The sole question presented for determination by this appeal is how much appellee and his three brothers, the appellants, individually contributed to the purchase price of a tract of land and the cost of a house which they erected upon it.

Admittedly, the land was acquired and the house erected under an oral agreement that each was to pay his proportionate share of the cost, and, admittedly,

rent was chargeable against two of the brothers who occupied the house for a period of at least seven and a half years. By agreement, the chancellor adjudged that the property was jointly owned by the brothers and decreed its sale in order that the proceeds might be divided. The only ground urged for a reversal is that the chancellor erred in determining that each brother had fulfilled his agreement, and hence, was entitled to one-fourth of the net proceeds after the rent adjustment and the payment of the court costs, as against the contention that the appellants, Lee and Elzy Smallwood, contributed more than their proportionate share of the cost and should have been reimbursed to the extent of $304.24 and $273.49, respectively, and the appellee to the extent of $3.47, before the proceeds were divided. Said the chancellor in commenting upon the insufficiency of the testimony to show that any one of the brothers was entitled to reimbursement for excess contributions:

"Each one kept an indefinite record of what work he did, and what he put into its construction. No man can take the record as made up, in the opinion of the court, and arrive at a definite and correct determination as to what each one has paid. The parties have gone along for all these seven or more years and treated their partnership transaction with respect to the real estate, as belonging to them all jointly and equally. Neither of the parties to this action has been able to give anything like a definite statement as to how much he, or either of the others, have contributed to the payment of the land or into the construction of the building. As to the payment for the land, it appears that each party has contributed his pro rata part of the amount and the court is going to assume that each has paid his pro rata part into the construction of the building, as the court is unable to get any nearer to a correct solution of the matter than that from the evidence. Undoubtedly, if either had paid much more for any of the others, there would have been some question raised about the matter before this time."

We find nothing in the record which would justify us in disturbing the finding of the chancellor.

Judgment affirmed.